UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MATTHEW ACCOUNTIUS,           )
                              )
        Plaintiff,            )
                              )     CIVIL ACTION NO.
VS.                           )
                              )     3:11-CV-1432-G
WELLS FARGO BANK, N.A.,       )
                              )
        Defendant.            )

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's motion for summary judgment (docket entry 13). For the reasons set forth below, the motion is granted.

I.  BACKGROUND

This case arises out of an attempted foreclosure. Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support of Same ("Motion") ¶ 1 (docket entry 13). The plaintiff, Matthew Accountius ("Accountius"), is the homeowner. *Id*. ¶ 3-4. The defendant, Wells Fargo Bank N.A. ("Wells Fargo"), is the holder of the note. *Id*. ¶ 8.

On or around August 11, 2009, Accountius executed a fixed rate note payable to the Franklin American Mortgage Company ("Franklin American") for

$233,500.00, with an interest rate of 5.000% per year. *Id*. ¶ 3. As security, Accountius executed a deed of trust on property known as 2802 FM 36 South, Caddo Mills, Hunt County, Texas 75135. *Id.* ¶ 4. The note was eventually transferred from Franklin America to Wells Fargo. *Id*. ¶¶ 5-8. Wells Fargo is the current servicer, owner and holder of the note. *Id*. ¶ 8.

Around December 2009, Accountius fell behind on making payments on the note. *Id*. ¶ 9. The last payment on the note was made on March 2, 2010. *Id*. ¶ 11. Wells Fargo avers that the note is in default and that Accountius has not cured the default. *Id*.

Around April 28, 2011, Wells Fargo mailed Accountius a letter notifying him that the note had been accelerated, and that a foreclosure sale was scheduled for June 7, 2011. *Id*. ¶ 14. However, Wells Fargo has not concluded a foreclosure sale on the plaintiff's property. *Id*. ¶ 16. This is because on June 6, 2011, Accountius filed his original petition in a Texas state court. *Id*. ¶ 15. Wells Fargo removed the case to this court on June 29, 2011.

In his petition, Accountius sues to enjoin the foreclosure of his property, as well as for other declaratory relief. Plaintiff's Original Petition ("Petition") at 1, 5-7 (docket entry 1-5). In particular, Accountius alleges that he is compliance with the terms of the note and not in default. *Id*. 1. He also argues that (1) the attempted foreclosure sale was posted under an unlawful declaration of default and acceleration

of maturity of a promissory note and deed of trust, (2) Wells Fargo made false or misleading representations, (3) Wells Fargo violated unspecified provisions of the Texas Property Code and the note.  *Id*. at 5-7.

## II.  ANALYSIS

### A.  Motion for Summary Judgment Standard

Wells Fargo has filed a motion for summary judgment on all of the plaintiff's claims.  Motion at 1.  Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a), (c)(1).*  A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham.").  To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is

---

\*   Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id*. at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

In this case, the plaintiff has not filed a response to the defendant's motion for summary judgment. Federal Rule of Civil Procedure 56(e)(2) states that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion."  Moreover, the court may "grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."  FED. R. CIV. P. 56(e)(3).

### B. Application

In this case, Accountius has not made any showing as to why he is entitled to any relief.  He has not shown how Wells Fargo has violated the Texas Property Code, the note, or any other law.  Moreover, there are no facts to suggest that the plaintiff is not currently in default, and there appear to be no disputes of material fact.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion for summary judgment is **GRANTED**.  Judgment will be entered for the defendant.

**SO ORDERED**.

March 26, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**